Donnie R. Cox, SBN 137950
Law Office of Donnie R. Cox
402 North Nevada Street
Oceanside, CA 92054-2025
Telephone (760) 400-0263
Facsimile (760) 400-0269
drc@drcoxlaw.com

Paul W. Leehey, SBN 92009
Law Office of Paul W. Leehey
210 E. Fig Street, Ste. 101
Fallbrook, CA 92028
Telephone (760) 723-0711
Facsimile (760) 723-6533
law@leehey.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RABINOVITZ , M.R., a minor by and through her Guardian ad Litem, Ronald Austin, | **Case No. CV 16-8087-DMG (JPRx)** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| v. | 1. Violation of Civil Rights (42 USC §1983 and §1985, 4th Amendment); |
| CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, ARVIN BUENAVENTURA, OAK PARK UNIFIED SCHOOL DISTRICT, OAK PARK HIGH SCHOOL, and Does 1 through 10 Inclusive, | 2. Violation of Civil Rights (42 USC §1983 and §1985, 1st Amendment); 3. Violation of Civil Rights (42 USC §1983 and §1985, 14th Amendment); 4. Monell related claims (42 USC§1983) 5. Injunctive Relief. |
| Defendants. | JURY TRIAL REQUESTED |

1

FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiffs, MICHAEL RABINOVITZ, and M.R. a minor, by and through her Guardian Ad Litem, Ronald Austin, allege as follows:

1.    Pursuant to this Court's local Rule 8-1, Plaintiffs assert that the statutory or other basis for the exercise of jurisdiction in this United States Federal District Court is based upon a federal question asserted under 42 U.S.C. §1983 and §1985 as violations of Plaintiffs' rights under the United States Constitution and laws, including those under the First, Fourth and Fourteenth Amendments which Plaintiffs request be tried and heard before a jury.

2.    At all relevant times mentioned in this Complaint, Plaintiffs were residents of Los Angeles County, California.  Ronald Austin has made application to be appointed as Guardian ad Litem for minor M.R. Rabinovitz in this action, and it is being filed concurrently.

3.    At all times mentioned herein, the CITY OF LOS ANGELES (hereinafter "CITY") was and is a public entity.

4.    At all times mentioned herein, the LOS ANGELES POLICE DEPARTMENT (hereinafter "LAPD") was and is a subdivision or entity of the CITY.

5.    At all times mentioned herein, Defendant ARVIN BUENAVENTURA (hereinafter "BUENAVENTURA") was an officer, agent and/or employee of the CITY and LAPD.

6.    At all times mentioned herein, Defendant OAK PARK UNIFIED SCHOOL DISTRICT (hereinafter "OPUSD") was and is a public entity.

7.    At all times mentioned herein, Defendant OAK PARK HIGH SCHOOL (hereinafter "OPHS") was and is a school within OPUSD.

8.    Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1-10, inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained.

FIRST AMENDED COMPLAINT FOR DAMAGES

9.     Plaintiffs are informed and believe and, based upon such information and belief allege that each of the Defendants is responsible in some manner for the events and happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.

10.     Plaintiffs are informed and believe and, based upon such information and belief allege, that, at all times herein mentioned, each and every Defendant was the agent and/or employee of their co-defendants, and each of them, acting at all relevant times herein under color of the authority of a governmental entity under the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

## COMMON ALLEGATIONS

11.     MICHAEL RABINOVITZ ("MICHAEL") is the natural father of Minor M.R. (date of birth May 24, 2000).  MICHAEL has had sole custody of M.R. since 2005.

12.      On or about May 21, 2015, and without Court Order, or parental consent, knowledge, or presence, Defendant BUENAVENTURA went to M.R.'S school. After speaking with OPHS Principal Kevin Buchanan, Defendant BUENAVENTURA removed M.R. from her class at OPHS and detained her against her will.

13.     After she was removed and detained from her class at OPHS, Defendant BUENAVENTURA informed M.R. that he intended to question her about allegations of child abuse by an unknown third party. At no time was MICHAEL the subject of the alleged child abuse, nor were there allegations that he failed to protect M.R. from said abuse.  M.R. informed Defendant BUENAVENTURA that she did not wish to speak with him without her father and/or an attorney present.

14.     After M.R. asserted her right to remain silent without her father and/or an attorney present, Defendant BUENAVENTURA threatened M.R., informing her that if she did not speak to him, he would take her to the Topanga office of the LAPD for questioning. Defendant BUENAVENTURA threatened and coerced M.R. into answering his

FIRST AMENDED COMPLAINT FOR DAMAGES

questions, despite MICHAEL's lack of knowledge, consent, and presence, and despite the absence of either MICHAEL or M.R.'s attorney.

15.    At the time he subjected M.R. to this questioning, Defendant BUENAVENTURA did not have a Court Order, parental consent, knowledge or presence, or any urgent need or reasonable belief as to the need to preserve evidence.

16.    During Defendant BUENAVENTURA's unlawful questioning of M.R., M.R. was attempting to reach MICHAEL and/or her attorney to inform them that she had been removed and detained from her classroom and that she was being coerced and threatened into answering questions by Defendant BUENAVENTURA even though she had invoked her right to have her parent and/or attorney present to protect her constitutional rights. M.R. was unable to immediately reach either her father or her attorney, however, because on the same date, MICHAEL's deposition was being taken in a civil rights case against the CITY and LAPD. The CITY and the LAPD later denied and continue to deny that there was any connection between BUENAVENTURA'S actions and the then active civil rights matter.

17.    When M.R. finally did reach them, MICHAEL and her attorney demanded that Defendant BUENAVENTURA cease and desist his interrogation of M.R. Despite direct instruction from MICHAEL and M.R.'s attorney, Defendant BUENAVENTURA continued to detain M.R. and threaten and coerce her into speaking further with him in the absence of her father or her attorney by stating that if she did not speak with him, Defendant BUENAVENTURA would "arrest" her and take her to the LAPD Topanga station for questioning.

18.    It was not until senior officers from LAPD and the Los Angeles City Attorney's office intervened, upon demand by attorneys for MICHAEL AND M.R., that M.R. was released to return to her class.  It was later discovered that Defendant BUENAVENTURA had information that M.R. may have been the victim of inappropriate Internet contact by M.R.'s mother's boyfriend, who lives in New Mexico.

FIRST AMENDED COMPLAINT FOR DAMAGES

Defendant BUENAVENTURA was aware that MICHAEL had no idea that the contact had taken place, was not implicated in any way of either harming or failing to protect M.R., but did not attempt to contact MICHAEL and inform him of the threat to his daughter. Instead, Defendant BUENAVENTURA attempted to interrogate M.R. at school without her or her father's consent.    At no time was MICHAEL suspected of abuse or neglect of his daughter during the pendency of Defendants' "investigation" of the purported claims.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (4TH AMENDMENT) BY PLAINTIFF M.R. AGAINST DEFENDANTS BUENAVENTURA and DOES 1 through 10

19.    Plaintiffs re-allege, adopt and incorporate as if set forth at length paragraphs 1 through 18 hereinabove.

20.    On May 21, 2015, Defendants BUENAVENTURA and DOES 1 through 10, Inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired and acted in concert with one another, and caused, to unlawfully detain and question M.R. without proper reason, basis, authority, or court order; without reasonable or probable cause; and without the consent of her father who had physical custody of M.R. Said Defendants acted with deliberate indifference to M.R.'s rights as protected by the United States Constitution and laws.

21.    Defendants BUENAVENTURA and DOES 1 through 10, inclusive, and each of them, caused M.R. to be seized and interrogated at school without a warrant or court order, or parental consent, knowledge, or presence, and without immediate need or exigency, in violation of M.R.'s Fourth Amendment rights.

22.    The aforesaid conduct of Defendants BUENAVENTURA and DOES 1-10 violated M.R.'s civil rights found in the Fourth Amendment of the United States Constitution and as enforced under 42 U.S.C. §1983 and §1985, by, but not limited to, acting and

conspiring to detain, arrest, coerce, question, and interfere with M.R.'s person, without proper or just cause and/or authority, without parental consent, without parental knowledge or presence, and without court order in violation of M.R.'s Fourth Amendment right against unreasonable searches and seizures.

23.    As a direct result of Defendants' violations, and in accordance with 42 U.S.C. §1983 and §1985, M.R.'s civil rights have been violated in that she has suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in this matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

24.    The wrongful and unlawful conduct of Defendants BUENAVENTURA and DOES 1 through 10 Inclusive was intentional, done with malice, and/or with conscious disregard for M.R.'s rights. As a result of their despicable conduct, M.R. is entitled to recover punitive damages in an amount to be proved at the time of trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (42 USC §1983) (1ST AMENDMENT) BY PLAINTIFFS MICHAEL AND M.R. AGAINST DEFEDNANTS BUENAVENTURA and DOES 1-5

25.    Plaintiffs reallege, adopt, and incorporate as if set forth at length, paragraphs 1 through 24, hereinabove.

26.    On May 21, 2015, Defendants BUENAVENTURA and DOES 1 through 5, inclusive, and each of them, were acting under color of state law when they wrongfully acted, or failed to act, and conspired together as set forth herein.

27.    Beginning on or before May 21, 2015, Defendants BUENAVENTURA and DOES 1 through 5, inclusive, and each of them, knew and agreed, and thereby conspired, to retaliate against MICHAEL and M.R. for the exercise of their legal rights under the First and Fifth Amendment of the Constitution to object to, refuse, and/or complain about the

FIRST AMENDED COMPLAINT FOR DAMAGES

conduct of the CITY and LAPD, specifically detaining, arresting and threatening and thereafter threatening to take M.R. to the LAPD Topanga police station if she refused to allow an interrogation at her school.

28.    In retaliation against MICHAEL and M.R.'s exercise of their legal rights under the First and Fifth Amendment to object to, refuse, and/or complain about the conduct of the LAPD and its officers, Defendants BUENAVENTURA and DOES 1 through 5, inclusive, and each of them, acted together in initiating and conducting investigations and proceedings, and related matters and conduct, to interfere with M.R.'s civil rights as alleged above, and to interfere with MICHAEL's legal custody rights of M.R. Plaintiffs are informed and believe, and based thereon allege, that Defendants' actions were without any just or reasonable cause, and with an intent to cause injury to Plaintiffs or with a willful and conscious disregard of Plaintiffs' rights and/or safety.

29.    Plaintiffs are informed and believe that Defendants BUENAVENTURA and DOES 1 through 5, inclusive, and each of them, acted, knew and/or agreed, and/or thereby conspired together as to the aforementioned conduct without proper reason or authority, without reasonable probable cause, and with deliberate indifference to Plaintiffs' rights, including from retaliating against MICHAEL and M.R.'s exercise of their right to assert their freedom of speech rights including the right to object to, refuse, and complain about Defendant LAPD officers' conduct and threats and interference as protected by the United States Constitution and other laws

30.    As a direct result of the violations of Defendants BUENAVENTURA and DOES 1 through 5, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys' fees, costs and expenses in the underlying case, and in the matter as authorized by 42 U.S.C. §1988, in an amount not yet ascertained, all of which shall be shown according to proof at trial.

31.   The wrongful conduct of Defendants BUENAVENTURA and DOES 1 through 5 was intentional, done with malice, and with conscious disregard for Plaintiffs' rights, and as a result of the despicable conduct, Plaintiffs are entitled to recover punitive damages in an amount to be proved at the time of trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 USC §1983) (14TH AMENDMENT DUE PROCESS) BY PLAINTIFFS MICHAEL AND M.R. AGAINST DEFENDANTS BUENAVENTURA and DOES 1-10

32.   Plaintiffs reallege, adopt and incorporate by this reference paragraphs 1 through 31, as though fully set forth herein.

33.   On May 21, 2015, Defendants BUENAVENTURA and DOES 1 through 10, inclusive, and each of them, were acting under color of state law when they knew, and agreed, and thereby conspired, to unlawfully and unduly influence and threaten and coerce M.R. into responding to their interrogation upon the threat of being taken to an LAPD station for further questioning and/or processing. Defendants' actions were without proper reason, authority, or court order, without reasonable or probable cause and with deliberate indifference to Plaintiffs' rights.

34.   By unlawfully detaining and interrogating M.R. without Court Order, just or reasonable cause, or consent, Defendants BUENAVENTURA and DOES 1 through 10, inclusive, and each of them, interfered with MICHAEL's right to the care, custody and control of his daughter, and M.R.'s right to the care and comfort of her father, without unreasonable and unjustified government interference.

35.   Plaintiffs are informed and believe, and based thereon allege, that these actions were taken without just or reasonable cause, and with an intent to cause injury to Plaintiffs, or with a willful and conscious disregard of Plaintiffs' rights and/or safety.

36.   By acting as alleged above, Defendants BUENAVENTURA and DOES 1 through 10, inclusive, and each of them, conspired to and did interfere with and violate Plaintiffs'

FIRST AMENDED COMPLAINT FOR DAMAGES

substantive due process rights protected by the Fourteenth Amendment of the United States Constitution, including Plaintiffs' liberty interest in the right to familial association, as enabled by 42 U.S.C. §1983 and §1985.

37.    As a direct result of the violation by Defendants BUENAVENTURA and DOES 1 through 10, inclusive, and each of them, and in accordance with 42 U.S.C. §1983 and §1985, Plaintiffs' civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorneys fees, costs and expenses in the underlying case and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

38.    The wrongful conduct of Defendants BUENAVENTURA and DOES 1 through 10, inclusive, and each of them, as herein alleged was intentional, done with malice, and with conscious disregard for Plaintiffs' rights, and as a result of their despicable conduct, Plaintiffs are entitled to recover punitive damages in an amount to be proven at the time of trial.

### FOURTH CAUSE OF ACTION

### *MONELL* RELATED CLAIMS By Plaintiffs Against Defendants CITY and LAPD

39.    Plaintiffs reallege, adopt and incorporate paragraphs 1 through 38 as though fully set forth herein.

40.    At all relevant times herein, Defendant CITY, including through the LAPD, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies"), which were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. §1983 and §1985, as well as the case of *Monell v. New York City Department of Social Services*, 436 U.S. 658(1978), including those under the First, Fourth and Fourteenth Amendments, by, but not limited to:

FIRST AMENDED COMPLAINT FOR DAMAGES

a. The policy of detaining and/or threatening to detain children from their parents without exigent circumstances (imminent danger of serious bodily harm), court order and/or consent of their parent or legal guardian;

b. The policy of causing minor children to be interviewed at school without Court Order, parental consent, parental knowledge, parental presence, and without just and reasonable cause;

c. The policy of retaliating against individuals who exercise their constitutional right including to object to, refuse, and/or complain about Defendant LAPD's actions;

d. The policy of using intimidation, fear, threats, coercion, retaliation, misrepresentation and duress during their investigations, including the unwarranted threat of arresting a child unless she consents to a school interrogation;

e. By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train and/or supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings; and

f. The policy of acting with deliberate indifference in failing to correct (including counseling and/or discipline) the wrongful conduct of other employees in failing to provide the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type investigations and proceedings.

FIRST AMENDED COMPLAINT FOR DAMAGES

41.     Defendants CITY and LAPD had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the First, Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers and employees in their employ, including within LAPD; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages alleged herein.

42.     CITY breached its duties and obligations to Plaintiffs, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional polices, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting the individually named Defendants, and Does 1 through 10, Inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

43.     Defendants knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to their legal duties and obligations to Plaintiffs.

44.     These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereto, Plaintiffs have sustained general and special damages, as well as incurring attorneys fees, costs and expenses, including those as authorized by 42 U.S.C. §1988, to an extent and in an amount subject to proof at trial.

## FIFTH CAUSE OF ACTION

## INJUNCTIVE RELIEF Against All Defendants.

45.     Plaintiffs reallege, adopt and incorporate paragraphs 1 through 44 as though fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

46.     Plaintiffs, as citizens and individuals, are protected by the laws and Constitution of the United States, including the First, Fourth and Fourteenth Amendments thereto of the United States Constitution, and are subject to further violations of their rights by Defendants.

47.     By virtue of the conduct of their agents and employees, including Defendants BUENAVENTURA and Does 1 through 10, CITY and OPUSD have wrongfully and unlawfully, and with deliberate indifference to Plaintiffs' rights and to Defendants' duties and obligations to Plaintiffs, practiced and/or adopted policies, practices, procedures and/or customs which are in violation of Plaintiffs' Constitutional rights, including the right to be secure in their person, the right to due process, the right to be free from governmental interference as to their familial association and from unreasonable searches or seizures.

48.     Defendants have failed to acknowledge their improper, unlawful and unconstitutional actions, conduct and policies at the time of the subject incidents herein, and to correct said conduct and policies, and, Plaintiffs are informed and believe, and on that basis allege, that Defendants have not changed or modified such actions, conduct and/or policies to conform to law.

49.     Defendants' wrongful and unlawful conduct, actions and/or policies, unless and until enjoined and restrained by order of the court, will cause, and continue to cause, great and irreparable injury to Plaintiffs, and other individuals and citizens, in that Defendants, including the agents and employees of Defendant CITY and OPUSD, will continue to act in accordance with said unlawful policies, and with deliberate indifference to their duties and obligations under the laws and Constitution of the State of California, and of the United States, including the First, Fourth and Fourteenth amendments as herein before alleged.

50.     Plaintiffs have no adequate remedy at law to prevent or prohibit Defendants from continuing, and/or repeating, their unlawful and unconstitutional conduct and policies

FIRST AMENDED COMPLAINT FOR DAMAGES

other than through injunctive relief, and therefore seek an order enjoining and prohibiting Defendants from, but not limited to, the following:

>   a. From failing to establish, implement, and follow polices, procedures, customs and practices mandated by the U.S. Constitution, as to the detention and interrogation of minor children at public schools without parental consent, presence or knowledge, Court Order, or exigent circumstances.

>   b. From failing to properly supervise, manage, control, train and direct the activities of their officers, agents and employees as to their compliance with those principals mandated by the First, Fourth and Fourteenth Amendments to the United States Constitution and laws.

>   c. From such other prohibited and unlawful conduct as set forth herein.

## **PRAYER**

WHEREFORE, Plaintiffs request trial by jury and pray judgment against the Defendants as follows:

First Cause of Action—Violation of Civil Rights (42 U.S.C. §1983, 4th Amendment) by Plaintiff M.R. against Defendants BUENAVENTURA and DOES 1-10

1. General damages in an amount to be determined by proof at trial.

2. Medical and related expenses in an amount to be determined by proof at trial.

3. Punitive damages as against individual defendants only.

4. Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.

5. Interest according to law.

6. Costs of this action.

7. Any other and further relief that the Court considers proper.

FIRST AMENDED COMPLAINT FOR DAMAGES

Second Cause of Action—Violation of Civil Rights (42 U.S.C. §1983, 1st Amendment) by Plaintiffs against Defendants BUENAVENTURA and DOES 1-5

1. General damages in an amount to be determined by proof at trial.
2. Medical and related expenses in an amount to be determined by proof at trial.
3. Punitive damages as against individual defendants only.
4. Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.
5. Interest according to law.
6. Costs of this action.
7. Any other and further relief that the Court considers proper.

////

Third Cause of Action—Violation of Civil Rights (42 U.S.C. §1983, 14th Amendment) by Plaintiffs against Defendants BUENAVENTURA and DOES 1-10

1. General damages in an amount to be determined by proof at trial.
2. Medical and related expenses in an amount to be determined by proof at trial.
3. Punitive damages as against individual defendants only.
4. Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.
5. Interest according to law.
6. Costs of this action.
7. Any other and further relief that the Court considers proper.

Fourth Cause of Action MONELL RELATED CLAIMS- By Plaintiffs against Defendants CITY and LAPD

1. General damages in an amount to be determined by proof at trial.

FIRST AMENDED COMPLAINT FOR DAMAGES

2.    Medical and related expenses in an amount to be determined by proof at trial.

3.    Attorney fees, costs and expenses as authorized by 42 U.S.C. Section 1988 according to proof.

4.    Interest according to law.

5.    Costs of this action.

6.    Any other and further relief that the Court considers proper.

Fifth Cause of Action INJUNCTIVE RELIEF-  By Plaintiffs against ALL Defendants

1.    Injunctive relief, as allowed by law (including preliminary injunctive relief based upon separate application).

2.    Attorney fees, costs, penalties and expenses as authorized by 42 U.S.C. §1988, and other applicable laws, according to proof.

3.    Any other and further relief that the Court considers proper.

DATED:  December 29, 2016      LAW OFFICE OF DONNIE R. COX

/s/  *Donnie R. Cox*
DONNIE R. COX, Attorney for Plaintiffs

FIRST AMENDED COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28